Ellison v. Harrison County.

*2. ——: location of ditch: prescriptive right of adjoining owner.*

---

ELLISON v. HARRISON COUNTY.

**Paupers:** SUPPORT BY TOWNSHIP TRUSTEES: POWER OF SUPERVISORS TO DISCONTINUE. Under sections 1361 and 1365 of the Code, the board of supervisors of a county having a poor-house may discontinue relief to a poor person, after the township trustees have once determined that he is a proper subject for relief, and that, in their judgment, he should not be sent to the county poor-house.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, MAY 22, 1888.

Ellison v. Harrison County.

PLAINTIFF sued on a claim for the support of a pauper. He pleaded a contract with the township trustees, alleging that the trustees had, upon investigation, determined that the pauper was a proper subject for relief, and that he should not, in their judgment, be sent to the county poor-house, and that they contracted with him for his support, and that he rendered the services under that contract. The county answered, in substance, that it maintained a poorhouse; that the pauper was neither a soldier nor a member of a soldier's family; and that, when the case was reported to the board of supervisors, they allowed plaintiff's bill for his services under the contract up to that date, but decided to deny further relief under that arrangement, and directed that the pauper (who was in a condition to be removed to the poor-house) be thereafter maintained in the poor-house. Plaintiff's demurrer to the answer having been overruled, he elected to stand thereon, and judgment was entered dismissing his petition, and he appeals.

*J. H. Smith*, for appellant.

*L. R. Bolter & Sons*, for appellee.

REED, J.—The question in the case is whether the board of supervisors may deny relief to a poor person after the township trustees have once determined that he is a proper subject for relief, and that, in their judgment, he should not be sent to the county poorhouse. Section 1361 of the Code is as follows: "The trustees of each township shall provide for the relief of such poor persons in their respective townships as should not, in their judgment, be sent to the county poor-house. * * * The relief thus furnished may be in the form of food, clothing, fuel, lights, rents, medical attendance, or money; but, exclusive of medical attendance, the relief thus furnished shall not exceed the sum of two dollars per week for each person." Section 1365 is as follows: "The poor must

make application for relief to the trustees of the township where they may be, and, if the trustees are satisfied that the applicant is in such state of want as requires relief at the public expense, they may afford such relief as the necessities of the person may require, and shall report the case forthwith to the board of supervisors, who may continue or deny relief as they find cause."

If these sections are applicable to the same subject, and are to be considered together, there can be no question but the boards of supervisors possess the power attempted to be exercised in the present case. Counsel for appellant contends that they are not of that character. His position is that section 1361 defines the powers and duties of the township trustees in counties which maintain poor-houses, and that the other section is definitive of those powers and duties in counties which do not have poor-houses, and consequently they are to be construed separately; and that, as the powers conferred by the former are general, and there is no provision authorizing the board of supervisors to take any action with reference to the subjects covered by it, the action of the trustees is final. We are of the opinion, however, that this position is not sound. It is true that the section immediately preceding section 1365 relates to the powers of the trustees in counties not having poor-houses. The provisions of section 1365, however, are not limited by it, but are general in their nature. There is nothing in the nature of the case, nor in the language of either of the sections, requiring that the provisions of the latter should be so limited. It is important for the protection of the public interest that the power to terminate the action of the trustees under section 1361 be lodged either in the trustees or some other body. But no such power is conferred upon the trustees, unless, possibly, in cases where relief is extended on account of physical disability which should afterwards be removed. It might often happen, however, that the necessity for relief would cease by the occurrence of circumstances not reasonably to be apprehended when the

action was taken ; as by a change in the financial condition of the subject, or of relations who, under the provisions of the statute, may be compelled to support him. In such cases, if appellant's position be correct, there would be absolutely no power to terminate the action; and if, as was the case in this instance, the trustees have contracted for his support for a definite period, the county would be bound absolutely for the whole period. And it was doubtless in view of such possible instances that the provisions of section 1365, making it the duty of the trustees to report the case to the board of supervisors, and conferring upon that body the power to "continue or deny relief, as they find cause," were enacted. The two sections (1361 and 1365), when construed together, mean that the trustees have the power to grant temporary relief to such poor persons as in their judgment should not be sent to the poor-house, but the power to determine whether such relief shall be continued is vested in the board of supervisors; and this view is entirely consistent with our previous holdings in cases arising under the statute. The judgment is right, and it will be

AFFIRMED.